OPINION
Forcible Entry and Detainer — Defective Summons Failure to Identify Address of Plaintiff Attorney or Court
When confronted with an action for Forcible Entry and Detainer, served by personal service, defendant-appellant, by his attorney, made a timely oral motion to quash the summons for the reason that the summons did not contain the address of the Plaintiff's attorney or the court. The trial court, by magistrate, reserved ruling, heard the case, and executed a decision holding that "there were technical defects in the summons, the Court finds that the defendant availed himself of the jurisdiction of the court by making his appearance at the hearing." The trial court entered judgment of restitution upon the report. Defendant appeals assigning a single error:
 THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS PURSUANT TO CIVIL RULE 12(B)(4) BECAUSE THE SUMMONS WAS INSUFFICIENT. SAID ERROR IS REFLECTED IN THE DECISIONS OF THE MAGISTRATE.
"The summons shall . . . contain the name and address of the court . . . [and] state the name and address of the plaintiff's attorney, if any. . . ." Civ.R. 4(B). We find no authority for the proposition that, absent a showing of prejudice, the failure to include the addresses of the attorney for plaintiff and the court is reversable error. App.R. 12(B). Here, the appellant indentifies no prejudice and we find none.
The assignment of error is overruled, and the judgment of the Morrow County Court is affirmed.
EDWARDS, P.J. and READER, V.J. CONCUR.